IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD BRIAN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-2497-KHV-ADM |
| ) | |
| LAURA HOWARD, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Richard Brian Thompson's Motion for Appointment of Counsel. (ECF 8.) Thompson filed a complaint alleging defendants "violated federal disability law and the Constitution by refusing to adjudicate federal claims, terminating the [Individualized Plan for Employment] without the federally required process, denying accommodations, and retaliating when [he] asserted his rights." (ECF 1-2, at 15.) The court granted Thompson leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF 5.) For the reasons discussed below, the court denies Thompson's request for appointment of counsel without prejudice to be renewed, if at all, if and when Thompson's claims survive summary judgment and are prepared to proceed to trial.

In civil actions such as this one, there is no constitutional right to appointed counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). In deciding whether to appoint an attorney to represent an indigent party, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the]

claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  The court also considers whether the party has made a diligent effort to retain an attorney.  *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

The fact that an attorney could assist in presenting the "strongest possible case" is not enough to justify appointing counsel because "the same could be said in any case."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).  In addition, the court is mindful that § 1915(e)(1) provides no method for compensating an attorney who takes on the case.  The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments."  *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).  Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."  *Id.*

The court does not find it appropriate to appoint counsel for Thompson at this time.  First, there is no indication on the record that Thompson has made efforts to obtain representation on his own.  This factor weighs against appointment of counsel.  *See McLain v. Sedgwick Co. Sheriff's Off.,* No. 25-4036-JWB-BGS, 2025 WL 1696525, at *2 (D. Kan. June 17, 2025) (holding that plaintiff's failure to contact any attorneys regarding representation weighed against appointment of counsel).

Second, Thompson has not demonstrated any reason why he would be unable to investigate the facts and present his claims to the court, particularly given the liberal standards governing *pro se* litigants.  The factual and legal issues in this case do not appear to be complex.  Thompson states that he has a recognized cognitive disability that "substantially limits major life activities relevant to litigation, including concentration, processing of complex information, and self-

expression under adversarial conditions." (ECF 8, at 2.) Despite this representation however, the court's experience with Thompson suggests that he will be able to present his case without the aid of counsel. Thompson's pleadings are sufficiently cogent to present his positions. This factor weighs against appointment. *See McLain,* 2025 WL 1696525, at *3 (denying appointment of counsel despite plaintiffs allegations of a disability that substantially impaired "major life activities" including "cognitive processing and executive function"); *Jones v. Douglas Cnty. Bd. of Comm'rs,* No. 25-2175-JWL, 2025 WL 1294106, at *12 (D. Kan. May 5, 2025) (denying motion to appoint counsel where plaintiff alleged he suffered from "cognitive decline"); *Braithwaite v. U.S. Dep't of Just.*, No. 19-2689-CM-JPO, 2019 WL 6715413, at *1 (D. Kan. Dec. 10, 2019) (overruling objection to order denying appointment of counsel to plaintiff who claimed to have loss of brain function, memory, and thought).[1]

Finally, based on the limited factual allegations and claims presented in the complaint, the court is unable to determine whether Thompson's claims are particularly meritorious. Although his claims have survived initial screening, the undersigned cannot say they are more or less meritorious than other pro se claims that also survive screening.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. Thompson's motion for appointment of counsel therefore is denied. However, the court will deny the motion without prejudice to it being renewed if Thompson's claims survive summary judgment and proceed to trial. The court recognizes that its analysis of

---

[1] In any event, even if the court were to find this factor weighed in plaintiff's favor, the court would find it outweighed by the other relevant factors. *See Ingram v. Werholz*, No. 21-1170, 2022 WL 2317849, at *2 (10th Cir. June 28, 2022) (upholding denial of counsel to plaintiff claiming physical and cognitive impairments where magistrate judge found the impairments outweighed by other factors).

the factors relevant to the appointment of counsel may change as the case progresses. "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Thompson v. Park Place Condominiums Ass'n, Inc.,* No. 13-2626-CM, 2014 WL 494789, at *3 (D. Kan. Feb. 6, 2014). Thompson therefore may renew his motion at a later procedural juncture.

**IT IS THEREFORE ORDERED** that Thompson's Motion to Appoint Counsel (ECF 8) is denied without prejudice.

**IT IS FURTHER ORDERED** that the Clerk's office mail a copy of this order to Thompson via regular mail.

**IT IS SO ORDERED.**

Dated September 5, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
