IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD BRIAN THOMPSON,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **LAURA HOWARD, in her official and individual** ) <br> **capacity as Secretary of the Kansas Department** ) <br> **for Children and Families, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | **CIVIL ACTION** <br><br> **No. 25-2497-KHV** |

**MEMORANDUM AND ORDER**

On October 24 and 26, 2025, defendants filed motions to dismiss plaintiff's complaint. See Motion To Dismiss Plaintiff's Complaint Filed By Defendants Laura Howard, Secretary For The Kansas Department For Children And Families, Kelly Milner, Jessica Kline, Julie Homolka, Angela Helmuth, And Nicolas Kennedy, In Their Official And Individual Capacities As Employees Of KDCF And Memorandum In Support Of Same (Doc. #25); Defendant Jenni Harshbarger, Ph.D.'s Motion To Dismiss Plaintiff's Complaint For Failure To State A Claim (Doc. #26). This matter is before the Court on Plaintiff's Motion To Stay Or Extend Time To Respond To Defendant's Motion To Dismiss Pending Determination Of Waiver, Forfeiture, and Admission Issues (Doc. #28) filed November 6, 2025 and Plaintiff's Combined Motion For Summary Judgment And For Dismissal Of Defendants' Motion To Dismiss As Procedurally Barred, Based On The Established Record Of Forfeiture And Admission By Failure To Deny (Doc. #30, re-filed as Doc. #31) filed November 9, 2025. Magistrate Judge Angel D. Mitchell previously overruled plaintiff's motion to stay the case. See Order (Doc. #29) filed November 10, 2025. For reasons stated below, the Court strikes plaintiff's combined motion for summary judgment and for

dismissal of defendants' motions but sustains plaintiff's motion to extend the deadline to respond to defendants' motions to dismiss.

The Court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate for a pro se litigant. Id. A pro se litigant must follow the same rules of procedure that govern all other litigants. Hardy v. Rabie, 147 F.4th 1156, 1163 (10th Cir. 2025).

Plaintiff's combined brief in support of his motion for summary judgment and response to defendants' motions to dismiss is 60 pages in length and includes 692 pages in exhibits. Plaintiff's brief does not comply with the District of Kansas rules as follows: (1) it is not double-spaced (see D. Kan. Rule 5.1(a)), (2) it exceeds the 40-page limit for summary judgment motions and the 15-page limit for responses to motions to dismiss (see D. Kan. Rule 7.1(d)(2)–(3)), and (3) it does not begin with a section that contains a concise and numbered statement of material facts as to which the movant contends no genuine issue exists and which refers with particularity to those portions of the record upon which movant relies (see D. Kan. Rule 56.1(a)). For these reasons, the Court strikes Plaintiff's Combined Motion (Doc. #30, re-filed as Doc. #31).

Plaintiff's combined brief also improperly incorporates voluminous materials by reference. See Plaintiff's Combined Motion For Summary Judgment (Doc. #30 and #31) at 5 (plaintiff "incorporates by reference the state-court filings and docket entries"); id. at 13 ("All prior filings are incorporated by reference"); id. at 58 (all factual and statutory allegations set forth in state court briefs are "incorporated by reference in full"). Such broad incorporation hinders the Court's ability to review the merits of the substantive arguments and unfairly allows a party to avoid page limitations. Concrete Works of Colo., Inc. v. City & Cnty. of Denver, 321 F.3d 950, 979 n.14

(10th Cir. 2003). Unless a party incorporates limited material which does not exceed the page limit when added to the other material in the brief, the Court will disregard materials which a party attempts to incorporate by reference. The Court also notes that for more than 100 case citations, plaintiff's combined brief does not include pinpoint cites, i.e. the exact page or pages where the cited proposition is found. The Court advises plaintiff that this type of citation is discouraged. Such broad references provide little aid to the Court or opposing counsel to understand specifically how the cited case supports plaintiff's argument.

Plaintiff requests an extension of time to file a brief in response to defendants' motions to dismiss. The Court sustains plaintiff's request. **On or before December 5, 2025, plaintiff shall file a response to each motion to dismiss. Each response shall comply with District of Kansas rules and this <u>Memorandum And Order</u>, and shall be limited to 15 pages.**

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Combined Motion For Summary Judgment And For Dismissal Of Defendants' Motion To Dismiss As Procedurally Barred, Based On The Established Record Of Forfeiture And Admission By Failure To Deny</u> (Doc. #30, re-filed as Doc. #31) filed November 9, 2025 is **STRICKEN**.

**IT IS FURTHER ORDERED** that <u>Plaintiff's Motion To Stay Or Extend Time To Respond To Defendant's Motion To Dismiss Pending Determination Of Waiver, Forfeiture, and Admission Issues</u> (Doc. #28) filed November 6, 2025 is **SUSTAINED in part**. **On or before December 5, 2025, plaintiff shall respond to the <u>Motion To Dismiss Plaintiff's Complaint Filed By Defendants Laura Howard, Secretary For The Kansas Department For Children And Families, Kelly Milner, Jessica Kline, Julie Homolka, Angela Helmuth, And Nicolas Kennedy, In Their Official And Individual Capacities As Employees Of KDCF And Memorandum In Support Of Same</u> (Doc. #25) and <u>Defendant Jenni Harshbarger, Ph.D.'s</u>**

**Motion To Dismiss Plaintiff's Complaint For Failure To State A Claim** (Doc. #26). Each response shall comply with District of Kansas rules and this **Memorandum And Order**, and shall not exceed 15 pages.

Dated this 19th day of November, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge