IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD BRIAN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-2497-KHV-ADM |
| ) | |
| LAURA HOWARD, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Richard Brian Thompson filed this case pro se, alleging defendants "violated federal disability law and the Constitution by refusing to adjudicate federal claims, terminating the [Individualized Plan for Employment] without the federally required process, denying accommodations, and retaliating when [he] asserted his rights." (ECF 1-2, at 15.) This matter comes before the court on Thompson's renewed motion for appointment of counsel. (ECF 32.) For the reasons explained below, the motion is granted.

In civil actions such as this one, there is no constitutional right to appointed counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). In deciding whether to appoint an attorney to represent an indigent party, the court must consider the "totality of the circumstances." *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985). When a party has disabilities that significantly impair his ability to present his case, such "special circumstances" are factors that weigh in favor of appointment of counsel. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *McCarthy*, 753 F.2d at 837). The "district

court is vested with considerable discretion in the matter of appointment of counsel." *McCarthy*, 753 F.2d at 839.

Thompson is proceeding in forma pauperis (ECF 5), and after considering the circumstances Thompson describes in his renewed motion, as well as his other filings in the case, the court finds it prudent to appoint counsel to represent him. Thompson's motion states that he "is diagnosed with Bipolar Disorder, Panic Disorder with Agoraphobia, Selective Mutism, and a Speech Fluency Disorder (stuttering), along with other psychiatric and cognitive impairments recognized by the Kansas Department for Children and Families." (ECF 32, at 1.) He describes his disabilities, and their effect on his ability to present his case, as follows:

> Bipolar Disorder impairs Plaintiff's ability to maintain cognitive stability, regulate stress, and sustain the extended organizational work required in federal litigation. Cycles of depression and hypomania diminish Plaintiff's ability to manage deadlines, process complex legal arguments, and respond coherently to adversarial briefs.
> Panic Disorder with Agoraphobia causes acute physiological and cognitive disruption in public, crowded, or high-stimulus environments—precisely the settings associated with hearings, conferences, and adversarial exchanges. The disorder directly limits Plaintiff's capacity to appear in court, engage in live argument, or function effectively during adversarial interactions.
> Selective Mutism, an anxiety-related communication disorder, produces involuntary cessation of speech in high-stress situations, particularly when multiple individuals are speaking or when the adversarial environment heightens anxiety. In such moments, Plaintiff becomes unable to speak or respond verbally. This condition severely restricts Plaintiff's ability to engage with opposing counsel, answer the Court's questions, clarify factual issues, or participate meaningfully in oral advocacy.
> Stuttering, a recognized speech impairment under the ADA, further impedes verbal communication—especially under stress or time pressure.

(*Id.* at 2.)

In addition, Thompson's filings reflect his challenges in complying with the court's procedural rules, which present the risk that his case might be dismissed on procedural grounds. For example, Thompson's complaint, including a "statement of claims" and a "supplement to complaint," is 84 pages (excluding exhibits). (ECF 1, 1-1, 1-2.) As a result, all defendants have moved the court to dismiss the case for, among other reasons, violating FED. R. CIV. P. 8(a)(2)'s requirement that the pleading contain a "short and plain statement" of entitlement to relief. (ECF 25, 26, 27.) And Thompson's combined brief in support of his motion for summary judgment and response to defendants' motions to dismiss is 60 pages and includes 692 pages of exhibits. (ECF 30, 31.) On November 19, 2025, presiding U.S. District Judge Kathryn Vratil issued a memorandum and order striking the brief for failure to comply with District of Kansas procedural rules. (ECF 35, at 2 (citing D. Kan. R. 5.1(a), 7.1(d)(2)-(3), and 56.1(a)).) In response, Thompson filed a motion for clarification of the memorandum and order, stating that he "cannot determine how to submit corrected filings that comply with the Court's expectations," again requesting the appointment of counsel, and requesting a suspension of his new deadline to respond to the motions to dismiss. (ECF 38, at 1.) Judge Vratil sustained the motion in part by suspending the deadline for Thompson to respond to the motions to dismiss until after the court decided the present renewed motion for appointment of counsel. (ECF 39.)

While Thompson's filings are cogent and suggest Thompson is intelligent, Thompson's disabilities persuade the court to exercise its discretion and appoint counsel in this particular instance. By separate order, the court will appoint counsel. Therein, the court also will set a deadline for counsel to respond to the pending motions to dismiss. Until that time, the response deadline remains suspended.

**IT IS THEREFORE ORDERED** that Thompson's renewed motion to appoint counsel (ECF 32) is granted.

**IT IS SO ORDERED.**

Dated December 8, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
